UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GULF DEALERS OF CONNECTICUT, | : | |
| a trade name adopted by the plaintiffs herein | : | CIVIL ACTION NO. 3:16-cv-01963-JAM |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BLUE HILLS FUELS, LLC, | : | |
| CUMBERLAND FARMS, INC., | : | |
| GULF OIL LIMITED PARTNERSHIP, | : | |
| CHELSEA PETROLEUM PRODS. | : | |
| HOLDINGS, LLC, | : | |
| CHELSEA PETROLEUM PRODS. I, LLC | : | |
| ARCLIGHT CAPITAL PARTNERS, LLC | : | |
| PMG NORTHEAST, LLC | : | |
| PETROLEUM MARKETING GROUP, INC. | : | |
| Defendants. | : | FEBRUARY 13, 2017 |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), the plaintiffs and defendants hereby submit the following discovery plan to the Court. The trade name "Gulf Dealers of Connecticut" is adopted by plaintiffs in this action, which are: Gasworld, LLC; Waterbury Gulf, LLC; Honeyspot Gulf, LLC; Cos Cob Gas Mart, LLC; Huntington Center Gulf, LLC; High Ridge Gulf, LLC; Long Ridge Service, Inc.; 95 Express, Inc.; and New England Self-Serve, Inc.

Defendants in this action are: Blue Hill Fuels, LLC ("BHF"); Cumberland Farms, Inc. ("CFI"); Gulf Oil Limited Partnership ("Gulf"); Chelsea Petroleum Products Holdings, LLC ("Chelsea Holdings"); Chelsea Petroleum Products I, LLC ("Chelsea I"); Arclight Capital Partners, LLC ("Arclight"); PMG Northeast, LLC ("PMG NE"); and Petroleum Marketing Group, Inc. ("PMG").

**Date Complaint Filed:** Complaint filed in United States District Court for the District of Connecticut on November 30, 2016.

**Date Complaint Served:** Complaint served on all defendants on December 7, 2016.

**Date of Defendants' Appearances:** December 28, 2016 for all defendants.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference began on January 30, 2017 and continued thereafter. The participants were: Attorney John J. Morgan for plaintiffs and Attorney Karen T. Staib for defendants.

## I. Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

A. *Subject Matter Jurisdiction.* Jurisdiction exists based on diversity pursuant to 28 U.S.C. § 1332.

Plaintiff Gasworld, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff Waterbury Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff Honeyspot Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff Cos Cob Gas Mart, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff Huntington Center Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff High Ridge Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff Long Ridge Service, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff 95 Express, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Plaintiff New England Self-Serve, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

Defendant BHF is a Delaware limited liability company with a principal place of business in Texas. For purposes of diversity jurisdiction, BHF is, and was at the time the Complaint was filed, a citizen of Delaware and Texas. BHF is not a citizen of Connecticut.

Defendant CFI is a Delaware corporation with a principal place of business in Massachusetts For purposes of diversity jurisdiction, CFI is, and was at the time the Complaint was filed, a citizen of Delaware and Massachusetts. CFI is not a citizen of Connecticut.

Defendant Gulf is a Delaware limited partnership with a principal place of business in Massachusetts. For purposes of diversity jurisdiction, Gulf is, and was at the time the Complaint was filed, a citizen of Delaware and Massachusetts. Gulf is not a citizen of Connecticut.

Defendant Chelsea is a Delaware limited liability company with a principal place of business in Massachusetts. For purposes of diversity jurisdiction, Chelsea Holdings is, and was at the time the Complaint was filed, a citizen of Massachusetts. Chelsea Holdings is not a citizen of Connecticut.

Defendant Chelsea I is a Delaware limited liability company with a principal place of business in Massachusetts. For purposes of diversity jurisdiction, Chelsea I is, and was at the time the Complaint was filed, a citizen of Massachusetts. Chelsea I is not a citizen of Connecticut.

Defendant Arclight is a Delaware limited liability company with a principal place of business in Massachusetts. For purposes of diversity jurisdiction, Arclight is, and was at the time the Complaint was filed, a citizen of Delaware. Arclight is not a citizen of Connecticut.

Defendant PMG NE is a Delaware limited liability company with a principal place of business in Virginia. For purposes of diversity jurisdiction, PMG NE is, and was at the time the Complaint was filed, a citizen of Delaware and Virginia. PMG NE is not a citizen of Connecticut.

Defendant PMG is a Maryland corporation with a principal place of business in Virginia. For purposes of diversity jurisdiction, PMG is, and was at the time the Complaint was filed, a citizen of Maryland and Virginia. PMG is not a citizen of Connecticut.

The amount in controversy exceeds the sum or value of $75,000. Plaintiffs seek declaratory and injunctive relief as well as damages. The nature of injunctive relief and the value of the franchise and property at issue demonstrate that each plaintiff has made claims in excess of $75,000.

B. *Personal Jurisdiction.* Personal jurisdiction is not contested.

## III. Brief Description of Case.

This case concerns disputes relating to various defendants' operations under the operative franchise agreements with the plaintiffs as well as disputes arising from the transfer of interests by and among certain defendants relating to the retail gas stations operated by the plaintiffs at various locations in Connecticut.

A. *Claims of the Plaintiffs:*

The plaintiffs allege that the defendants either individually or collectively violated one or more statutes including, but not limited to: Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §42-110b et seq.; the Connecticut Right of First Refusal Statute Conn. Gen. Stat. § 42-133mm; Conn. Gen. Stat. §12-587 regarding taxation, and various portions of the Connecticut Uniform Commercial Code including Conn. Gen. Stat. §42-a-2-305. The plaintiffs also claim further common law remedies and seek declaratory relief.

B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) Alleged by the Defendants.*

Defendants have yet to answer the complaint and may respond to the complaint by motion in the first instance. However, they anticipate denying the material allegations in the Complaint and may raise affirmative defenses as well. The Defendants do not anticipate filing counterclaims, but reserve the right to do.

## IV. Statement of Undisputed Facts.

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff Gasworld, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

2. Plaintiff Waterbury Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

3. Plaintiff Honeyspot Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

4. Plaintiff Cos Cob Gas Mart, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

5. Plaintiff Huntington Center Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

6. Plaintiff High Ridge Gulf, LLC is a limited liability company organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

7. Plaintiff Long Ridge Service, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

8. Plaintiff 95 Express, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

9. Plaintiff New England Self-Serve, Inc. is a corporation organized and existing under the laws of the State of Connecticut and with a principal place of business in Connecticut.

10. Defendant BHF is a Delaware limited liability company with a principal place of business in Texas.

11. Defendant CFI is a Delaware corporation with a principal place of business in Massachusetts.

12. Defendant Gulf is a Delaware limited partnership with a principal place of business in Massachusetts.

13. Defendant Chelsea is a Delaware limited liability company with a principal place of business in Massachusetts.

14. Defendant Chelsea I is a Delaware limited liability company with a principal place of business in Massachusetts.

15. Defendant Arclight is a Delaware limited liability company with a principal place of business in Massachusetts.

16. Defendant PMG NE is a Delaware limited liability company with a principal place of business in Virginia.

17. Defendant PMG is a Maryland corporation with a principal place of business in Virginia.

18. Plaintiffs seek declaratory and injunctive relief in this action as well as damages in the action, and the matter in controversy as to each plaintiff exceeds the sum or value of $75,000.

19. This Court has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

**V. Case Management Plan.**

A. *Standing Order on Scheduling in Civil Cases*. The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows.

B. *Scheduling Conference With the Court*. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference*.

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. The parties are communicating, but it is premature to characterize the tenor of the conversations or to estimate whether they will prove fruitful.

2. The parties reserve the right to request a settlement conference with the Court if deemed necessary or desirable.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D. *Joinder of Parties and Amendment of Pleadings*.

1. Plaintiffs do not anticipate joinder of additional parties at this time.

2. Defendants should be allowed until March 6, 2017 to file motions to join additional parties and until March 6, 2017 to file a response to the complaint.

E. *Discovery*.

a. The parties anticipate that discovery will be needed on the following subjects: All facts and claims in Plaintiffs' Complaint, including without limitation, the history of the business relationship between the Plaintiffs and various defendants, including Plaintiffs' experience of the culture and course of performance between the



5398382v3

parties, Plaintiffs' business operations at the locations they operated as Gulf-branded retail gas stations including the profitability of such operations as well as their respective marketing and retailing efforts relating to the locations, Plaintiffs' performance under the operative franchise agreements with various defendants, and allegations concerning violations of state statute and common law, and the nature and extent of Plaintiffs' claimed damages under their Complaint.

b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately and completed (not propounded) by March 20, 2018.

c. Discovery will be not conducted in phases.

d. Discovery will be completed by March 20, 2018.

e. The parties anticipate that the plaintiffs will require less than 10 depositions of fact witnesses and that the defendants will require less than ten depositions of fact witnesses. The depositions will commence by March 13, 2017 and be completed by March 20, 2018.

f. The parties do not expect to request permission to serve more than 25 interrogatories, although they reserve the right to make such a request if warranted.

g. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 8, 2017. Depositions of any such experts will be completed by March 20, 2018.

h. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts

pursuant to Fed. R. Civ. P. 26(a)(2) by February 15, 2018. Depositions of any such experts will be completed by March 20, 2018.

i. A damages analysis will be provided by any party who has a claim or counterclaim for damages by January 8, 2018.

j. Undersigned counsel have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of ESI:

1. The parties expect that there will be discovery regarding electronically-stored information but do not anticipate difficulties in accessing and producing it. The parties will conduct all discovery pursuant to the Federal Rules of Civil Procedural and the Local Rules.

2. The parties' production of ESI may be in electronic or paper form. With respect to the costs of assembling and producing such information, each party may bear its own costs or seek a court order providing for cost-shifting.

k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production, including to the extent that they supersede the Court's standing Protective Order on the subjects addressed below:

1. The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof;

2. After discovering an inadvertent production of privileged information, the party discovering such disclosure shall notify the other party, in writing, of the inadvertent production;

3. Upon receiving written notice from the disclosing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned by counsel for the receiving party and, unless the parties agree otherwise, counsel shall not use such information for any purpose until further order of the Court;

4. If any analyses, memoranda, or notes were generated based upon such inadvertently-produced information, counsel for the receiving party shall immediately notify disclosing counsel, in writing, and unless otherwise ordered by the Court, such analyses, memoranda or notes shall be destroyed with certification of such destruction to the producing party; and

5. By complying with this provision, the receiving party does not waive any right it has to challenge the assertion of privilege and to request an order of the Court denying such privilege. To the extent any discovery disputes arise, the parties will follow the Federal Rules of Civil Procedure and this Court's local rules in resolving those disputes.

F. *Dispositive Motions*. Dispositive motions will be filed on or before May 4, 2018.

G. *Joint Trial Memorandum*. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by June 22, 2018, unless there is then pending before the Court any dispositive motion, in which event the joint trial memorandum shall be filed within 30 days following the Court's final disposition of such dispositive motion.

**VI. Trial Readiness.**

The case will be ready for trial by July 20, 2018 or otherwise after 30 days from the date of the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,
GASWORLD, LLC;
WATERBURY GULF, LLC;
HONEYSPOT GULF, LLC;
COS COB GAS MART, LLC;
HUNTINGTON CENTER GULF, LLC;
HIGH RIDGE GULF, LLC;
LONG RIDGE SERVICE, INC.;
95 EXPRESS, INC.; and
NEW ENGLAND SELF-SERVE, INC.

By: /s/ John J. Morgan

John J. Morgan (Fed. Bar No. ct13312)
Barr & Morgan
22 Fifth Street
Stamford, CT 06905
Tel. (203) 356-1595
Fax: (203) 357-8397
Email: jmorgan@pmpalawyer.com

DEFENDANTS,
BLUE HILL FUELS, LLC,
CUMBERLAND FARMS, INC.,
GULF OIL LIMITED PARTNERSHIP,
CHELSEA PETROLEUM PRODUCTS HOLDINGS, LLC,
CHELSEA PETROLEUM PRODUCTS I, LLC,
ARCLIGHT CAPITAL PARTNERS, LLC,
PMG NORTHEAST, LLC, and
PETROLEUM MARKETING GROUP, INC.

By: /s/ Karen T. Staib

Karen T. Staib (ct21119)
Michael A. King (ct29389)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: 860-251-5000
Fax: 860-251-5219
kstaib@goodwin.com
mking@goodwin.com
Their Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on this 13th day of February 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Karen T. Staib
Karen T. Staib